UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELO A. GONZALEZ | CIVIL ACTION |
| VERSUS | NO. 09-7707 |
| LT. RONNIE SEAL, ET. AL | SECTION "J" (4) |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. No. 20)** which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that the motion can be resolved without an evidentiary hearing.

**I.     Factual Background**

Angleo D. Gonzalez is an inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Gonzalez filed this suit pursuant to Title 42 U.S.C. § 1983 against Lt. Ronnie D. Seal, Lt. B.V. Smith, CSM. Doug Brooks and CSM Tynes D. Jonathan.

According to the claimant, Gonzalez, Lt. B.V. Smith is the party who is responsible for manipulating and influencing Lt. Ronnie Seal, because he is dishonest and a liar. He complains that on November 11, 2009, he was handcuffed, shackled, and dragged to the sleet cell block. He

complains that Lt. Seal and Lt. Peters, after dragging him into the cell block, threw him up against the wall, body punched him, and kicked him simply because he alleged the violation his constitutional rights. He complains that as a result, he suffered bruises on his rib-cage and left leg. He alleges that a medical report was filed with the emergency medical technician along with x-rays which confirm that his Eight Amendment right was violated.

Gonzalez filed the subject motion seeking a judgment against the defendants because he alleges that the practices which they engage in include singling him out of his cell for searching of his personal and legal documents, scattering those documents about, and bringing him into the shower area while naked to be viewed by other prisoners. He also alleges that he seeks a judgment against them for their retaliation against him because he filed a lawsuit against them for filing grievances and administrative remedy procedures in their official and individual capacities. As relief, Gonzalez seeks to be removed from B.B. "Sixty" Rayburn Correctional Center ("RCC").

## II. <u>Standard of Review</u>

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Fields v. City of Southern Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id*. at 248.

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp.*, 477 U.S. at 324. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

### III. Analysis

Through the pending motions, Gonzalez asserts that he is entitled to summary judgment essentially based on the allegations in his complaint. He has not filed any relevant supporting affidavits or other competent evidence to establish any of the facts of his case.[1] He merely attached

---

[1] The affidavit and administrative documents from inmates Emile Raby and Richard Lay attached to the first motion are not competent to establish any of Gonzalez's claims nor relevant to Gonzalez personal situation. Rec. Doc. No. 5-3, pp. 5-6, 32-49, 51-76.

to his first motion a myriad of documents from his disciplinary proceedings and from proceedings filed by another inmate.[2] He has submitted nothing in support of his second and third motions.

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed.R.Civ.P. 56(a). The rule further provides that the motion may be filed at any time after "20 days have passed from commencement of the action." *Id*. The plaintiff's first motion, without supporting affidavits, was filed contemporaneously with the Complaint.[3] The second motion was filed after the Complaint but prior to service of the summons. The motions are premature.

In addition, district courts are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers. *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 647557, at *1 (E.D. La. Mar. 5, 2008) (Barbier, J.) (*citing* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298-99 (1998)); *Wartsila v. Duke Capital LLC*, No. H-06-3908, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007). Deferring the ruling on a motion for summary judgment filed before parties have answered is appropriate where the district court finds that the motion is premature. *Id*.; *see also Matini v. Reliance Standard Life Ins. Co.*, No. 1:05CV944(JCC), 2005 WL 2739030 (E.D. Va. Oct. 24, 2005); *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981). A district court ". . . must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951).

---

[2]*Id*.

[3]The docket sheet actually reflects that it was file stamped prior to the complaint because of the delay in processing the pauper application submitted with the Complaint.

As of this writing, there have been no answers filed. The Court finds that this renders Gonzalez's motion premature.

For the foregoing reasons, the Court finds that Gonzalez's motion is premature and otherwise unsupported, leaving genuine issues of fact to be resolved.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Gonzales's **Motion for Summary Judgment (Rec. Doc. No. 20)** be **DENIED** without prejudice as premature..

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 30th day of March 2010.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.