UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELO A. GONZALEZ                                        CIVIL ACTION

VERSUS                                                    NO. 09-7707

LT. RONNIE SEAL, ET. AL                                   SECTION "J" (4)

## PARTIAL REPORT AND RECOMMENDATION

Before the Court is a **Request for Prospective Declaratory Judgment (Rec. Doc. No. 21)** which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that the motion can be resolved without an evidentiary hearing.

### I.     Factual Background

The plaintiff, Angelo D. Gonzalez ("Gonzalez"), is an inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Gonzalez filed this suit pursuant to 42 U.S.C. § 1983 against Lt. Ronnie D. Seal, Lt. B.V. Smith, CSM Doug Brooks and CSM Tynes A. Jonathan.

Gonzalez alleges that Lt. B.V. Smith is the person responsible for manipulating and influencing Lt. Ronnie Seal, because he is dishonest and a liar. He complains that on November 11,

2009, he was handcuffed and shackled and then dragged to the Sleet cellblock. He further complains that, after dragging him into the cellblock, Lieutenants Seal and Peters threw him up against the wall, body punched him, and kicked him, simply because he had alleged they violated his constitutional rights. He alleges that he suffered bruises on his rib-cage and left leg. He also alleges that a medical report was filed with the emergency medical technician, along with x-rays which confirm that his rights were violated.

Gonzalez filed the subject motion seeking what he has styled as a "prospective declaratory judgment" declaring that the actions of Lt. Ronnie Seal were arbitrary and discriminatory in the selection of inmate's cells for excessive cell searches. He also argues that in January 2010, his cell was the subject of a shakedown, because he filed this lawsuit.

He further alleges that Seal cursed him and told him to shut up. He claims that this incident occurred while he was naked in the shower room. The afternoon of the same day, Seal allegedly returned to put him in the shower room naked and told him " you want a lawsuit mother fucking, we have the attorney general working for us, we don't care about this bullshit." [sic] Gonzalez alleges that, since the filing of this lawsuit, he has been subjected to excessive searches within his cell, verbal abuse, and the confiscation and reading of his legal papers under the guise of looking for unauthorized items without legal justification.

Gonzalez also appears to allege, under a broad reading, that in 2006 his right of access to the courts was denied when the officers at RCC intercepted his mail. This, he claims, prevented him from seeking judicial review of his disciplinary proceedings. He alleges that none of the disciplinary boards have advised him of his rights, including the right to appeal their decisions. He complains that he did not waive his appellate rights. He also contends that he is constantly under video

2

monitoring by male and female employees. He also generally complains about the conditions of the jail, and that the officials do not provide him with deodorant. He seeks injunctive relief to address the unconstitutional living conditions.

The Court in reviewing the subject motion construes it to be a motion for summary judgment seeking a declaration that the defendants retaliated against him and violated his right of access to the courts. As a result, the motion will be considered under Federal Rule of Civil Procedure 56.

## II. **Standard of Review**

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56. Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for considering a motion for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law.

The Court must therefore determine whether a genuine issue of material fact exists.

In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the United States Supreme Court indicated that the party seeking summary judgment must point out the absence of evidence showing a genuine issue of material fact. *See Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir. 1986). "Material facts are those 'that might affect the outcome of the suit under the governing law.'" *Morrissey v. Boston Five Cents Savings Bank*, 54 F.3d 27, 31 (1st Cir. 1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute as to a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.*

The party opposing summary judgment and who normally bears the burden of proof at trial must then "go beyond the pleadings and by [his] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. On a motion for summary judgment, the Court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Springfield Terminal Ry. Co. v. Canadian Pac. Ltd.*, 133 F.3d 103, 106 (1st Cir. 1997). However, 'conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)).

The declaratory judgment statute, 28 U.S.C. § 2201(a), states as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

A party can seek relief thereunder if "under all the circumstances, [he can] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *accord Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32 (2d Cir. 1992) (when declaratory judgment is sought and liability is contingent on a given event, the existence of a controversy depends on the practical likelihood that the event will occur).

## III. Analysis

### A. Retaliation

Gonzalez contends that Lt. Seal engaged in excessive cell searches and also humiliated him by causing him to be placed on the shower room "ball naked." As a result, he seeks a judgment declaring that there was a violation of his constitutional right to be free from retaliation in response to his exercise of his right to access the courts.

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007). Moreover, causation requires the plaintiff to show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. "The relevant showing in [retaliation cases] must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir.1995)).

In this case, Gonzalez has offered nothing more than his personal belief that the cell searches were excessive and that the incidents in the shower room were the result of retaliation for the filing of this lawsuit. He has not set forth any affidavit or other evidentiary support for his contention such to prove, at this juncture, that retaliatory motive existed. He is not entitled to summary or declaratory judgment on this issue.

B. **Access to the Courts and Due Process Rights**

Gonzalez further contends that the defendants violated his due process rights and right to access the courts, when he was not treated fairly during administrative review process. He complains that his right of judicial review was denied because the prison officials failed to advise him of his right to appeal the disciplinary decisions against him in 2006. Pretermitting whether these claims are prescribed as presented more than one year after the occurrence, the Court finds that Gonzalez is not entitled to summary judgment.

There is no federal constitutional right to an administrative appeal from a prison disciplinary conviction. *See Reneau v. Dretke*, No. H-05-331, 2006 WL 270038 *7 (S.D. Tex. Feb. 3, 2006); *accord Jones v. N.C. Prisoners Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); *Mann v. Adams*, 855 F.2d 639,

640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court outlined the due process requirements that must be present in a disciplinary proceeding, and right to an appeal was not one of them.[1] Instead, when the claim underlying the administrative process involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's failure to comply with prison procedures. *See Flick*, 932 F.2d at 729. "A prison official's failure to follow the prison's own policies and procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

In this case, Gonzalez does not indicate with any specificity the particular disciplinary decisions which he was not able to appeal because of the alleged failure of the officials to advise him of his review rights. It is also unclear when he first became aware that he had a right do so and whether he attempted to timely pursue his rights and was denied the ability to do so. Nevertheless, he has not shown that a protected due process interest was denied him or that he actually could not pursue a non-frivolous claim in a federal court so as to be denied access to the courts.

A prisoner's constitutional right to access the courts is an aspect of his First Amendment right to petition the government for redress of grievances. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond a doubt that prisoners have a constitutional right of access to the courts."); *see also Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right

---

[1] In *Wolff*, the Supreme Court then set forth the minimum requirements of procedural due process: 1) advance written notice of the claimed violation; 2) a written statement of the factfinder as to the evidence relied on and the reason(s) for the disciplinary action taken; and 3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 564-66.

of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances ."). This right of access for prisoners is not unlimited, however. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Prisoners are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey,* 518 U.S. 343, 355 (1996). Instead, prisoners are guaranteed "the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 351; *Johnson*, 110 F.3d at 310. Thus, the United States Fifth Circuit has resolved that "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (footnotes omitted).

The law is clear that the right is limited to "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis*, 518 U.S. at 356. The prisoner's right to access the to the courts is protected only if the underlying claim sought to be pursued is not frivolous. *See Lewis*, 518 U.S. at 353 n.3 ("Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."). Furthermore, to state a claim that the constitutional right of access to the courts was violated, a prisoner must demonstrate that his position as a litigant was actually prejudiced. *Lewis*, 518 U.S. at 351-52; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (citing *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992)). The inmate must demonstrate that the acts of the prison officials

prevented his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351. In this case, Gonzalez has not done this in a manner to show his entitlement to summary judgment or declaratory relief.

In addition, Gonzalez presents only argument, without supporting affidavit or documentation, in support of his claims and motion. He has not made a showing of any immediacy and reality that he will experience a violation of his constitutional rights if judgment is not granted.

## IV. Recommendation

It is therefore **RECOMMENDED** that Gonzales's **Request for Prospective Declaratory Judgment (Rec. Doc. No. 21)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 30th day of March , 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.