UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANGELO A. GONZALEZ | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-7707 |
| LT. RONNIE SEAL, ET AL | SECTION: "J" (4) |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a **Motion for a Temporary Restraining Order and/or Preliminary Injunction with Order for Hearing (Rec. Doc. No. 6)** which was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing

**I.    Factual Background**

According to the plaintiff, Gonzalez, Lt. B.V. Smith is the party who is responsible for manipulating and influencing Lt. Ronnie Seal, because he is dishonest and a liar. He complains that on November 11, 2009, he was handcuffed, shackled, and dragged to the sleet cell block. He complains that Lt. Seal and Lt. Peters, after dragging him into the cell block, threw him up against the wall, body punched him, and kicked him simply because he alleged the violation his constitutional rights. He complains that as a result, he suffered bruises on his rib-cage and left leg. He alleges that

a medical report was filed with the emergency medical technician along with x-rays which confirm that his Eight Amendment right was violated.

Plaintiff alleges that he seeks the entry of a temporary restraining order and preliminary injunction to prohibit the defendants from subjecting him to unwarranted disciplinary charges, threats of physical harm and mental abuse. Gonzalez contends that should the Court grant his request, he will be permitted to pursue his complaint without fear of retaliation by the defendants.

## II. Standard of Review

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

**(b) Temporary Restraining Order**

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In order for Plaintiff to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir.1981).

## III. Analysis

In the instant case, Plaintiff has failed to meet the requirements set forth above. The facts alleged do not appear by affidavit and the motion is not verified. Further, Plaintiff has not alleged any

specific facts to show that immediate and irreparable injury, loss, or damage will result to him. Plaintiff's motions for temporary restraining order and preliminary injunction should be denied.

**IV.   Recommendation**

It is therefore **RECOMMENDED** that Gonzales's **Motion for a Temporary Restraining Order and/or Preliminary Injunction with Order for Hearing (Rec. Doc. No. 6)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 30th day of March 2010.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.