UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELO A. GONZALEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO:       09-7707** |
| **LT. RONNIE SEAL, ET AL.** | **SECTION: "J" (4)** |

### ORDER

Before the Court are a **Motion to Informeaning** (sic) and a **Motion for Temporary Restraining Order and/or a Preliminary Injunction with Order for Hearing (R. Doc. 39)** which were filed by the plaintiff, Angelo A. Gonzalez ("Gonzalez"), seeking a temporary restraining order restraining Lieutenant Ronnie Seal ("Seal") from subjecting him to hostility and abuse. Gonzalez complains that Seal has been subjecting him to hostility and abuse which has caused the plaintiff to function in a "less than normal mental state" and has further caused him to suffer from depression, schizophrenia, and frustration.

**I.     Background**

Gonzalez complains that Seal has purposefully shaken down his cell as a means of harassment, which has affected the plaintiff's right to access the courts. Gonzalez contends that Seal prohibited him from having a chess board and took away his writing paper and legal papers. Gonzalez also asserts that he was subjected to body searches on December 19, 2009, February 26, 2010, March 22, 2010, March 27, 2010, March 31, 2010, April 6, 2010, April 10, 2010, and April 11, 2010. Gonzalez contends that these acts were conducted in retaliation for Gonzalez bringing the underlying action. Gonzalez contends that the shaking down is excessive, and the issuance of a temporary restraining order will permit him to prosecute his lawsuit without the fear of retaliation from Seal.

## II. Standard of Review

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) Temporary Restraining Order
>
> (1) Issuing Without Notice. The Court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In order for a plaintiff to obtain a preliminary injunction, they must show: (1) a substantial likelihood that his cause will succeed on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party; and (4) that the court granting the injunction will not disserve the public interest. *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981.)

## III. Analysis

As a preliminary matter, the Court notes that Gonzalez seems to assert that Seal has excessively conducted body searches in retaliation against him. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); see also *Valandingham v. Bojorquez*, 866 F.2D 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802,, 07 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct, and that such action; (4) chilled the inmate's exercise of his First Amendment rights; and (5) the action did not

reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005).

Although excessive body searches may state a claim for retaliation, Gonzalez's motions do not seek redress for such a claim. Instead, his motions seek an order from the Court restraining Seal from excessively shaking down his cell. Therefore, the Court refrains from addressing whether Seal's alleged actions were conducted in retaliation.

The Court has reviewed the requirements for issuing a preliminary injunction set forth in Rule 65 and *Piedmont Heights*. In reviewing, the Court finds that the plaintiff has failed to meet the requirements. Gonzalez has not provided the facts pertinent to this motion by affidavit, and the motions themselves are not verified.

To the extent that Gonzalez contends that Seal took his legal papers, this alleged action did not prevent or inhibit his ability to file the subject motion with the Court. Further, Gonzalez's assertion that Seal threatened him with unwarranted disciplinary charges, and threats of physical and mental abuse do not rise to the level of a constitutional violation. *See Oltarzeweski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (Yelling, threats, and slurs do not rise to the level of a constitutional violation); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987.)

### IV.   Conclusion

Accordingly,

The **Motion to Informeaning** (sic) and a **Motion for Temporary Restraining Order and/or a Preliminary Injunction with Order for Hearing (R. Doc. 39)** are hereby **DENIED.**

New Orleans, Louisiana this 28th day of December 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**