UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELO A. GONZALEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7707** |
| **LT. RONNIE SEAL, ET. AL** | **SECTION "J" (4)** |

### ORDER

Before the Court is a **Motion to Amend the Complaint (R. Doc. 78)** which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that the matter can be resolved without an evidentiary hearing.

### I.    Factual Background

Angelo D. Gonzalez is an inmate housed at the David Wade Correctional Center in Homer, Louisiana. At the time of his Complaint, he was housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. He filed his complaint pursuant to 42 U.S.C. § 1983.

Gonzalez claims that beginning on July 18, 2006, he was subject to harassment, abuse, and violence. He contends that he filed a lawsuit based on these actions which was denied in 2009. Subsequently, excessive force was used against him on November 11, 2008, purportedly in

retaliation for having filed the previously dismissed lawsuit.  Specifically, Gonzalez contends that Lieutenant Seal struck him in the head, knocked him out, and kicked his body.  This resulted in injuries to his leg, knee, and rib cage and otherwise caused him to suffer blood loss.  He seeks to file this lawsuit against the Defendants in their personal capacities.[1]

In addition to his physical injuries, he contends that he has suffered emotional distress and humiliation.  He seeks compensatory and punitive damages against the Defendants.  He also seeks his medical records.

As to the instant motion, the Plaintiff seeks to file an amended Complaint.  In his Amended Complaint, Gonzalez seemingly seeks to revive his previously filed claim in *Angelo Gonzalez v. Blandon Smith, et al.*, Civ. Action No. 06-11215 (E.D. La. 2006) which related to the alleged use of excessive force on July 18 and 19, 2006.  Gonzalez also seemingly seeks to invoke a claim against Magistrate Judge Joseph C. Wilkinson, Jr., who presided over the matter, for his dismissal of the Plaintiff's lawsuit.  Finally, Gonzalez challenges his confinement relating to a December 16, 2009 "booking" because he was not provided with a speedy trial.  No opposition has been filed.

## II.    Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a)(2) governs the amendment of pleadings and provides that a "court should freely give leave when justice so requires."  The Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the

---

[1] Gonzalez names various individuals as Defendants in his Complaint including Lieutenant Ronnie Seal, Lieutenant B.V. Smith, Csm. Doug Brooks (incorrectly named as CSM Brook), CSM Tynes A. Jonathan (incorrectly identified as Jonathan A. Tyres), Warden Robert C. Tanner, Lieutenant D. Peter, CSM Larry Weary, EMT Bruce Forbes, Assistant Warden Jerry P. Miller, Mike Harrell, James M. LeBlanc, Chief Jeffrey Travis, Keith Bickham, Ronald Branch, Blandon Vernon Smith, and Darrell Peters.

outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as: (1) undue delay, bad faith, or dilatory motive by the movant; (2) the repeated failure to cure deficiencies by previously allowed amendments; (3) undue prejudice to the opposing party if the amendment is allowed; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

### III.     Analysis

#### A.     Gonzalez's Previously Filed Lawsuit

Although the plaintiff's motion has been styled as a motion to amend, he first seeks to either appeal or revive his previously filed lawsuit. Gonzalez complains that his lawsuit was dismissed for failure to exhaust his administrative remedies and he attempts to provide excuses for his failure to comply with the requirements. In essence, Gonzalez seeks to appeal the decision of Judge

Wilkinson or otherwise revive his claims asserted in that matter before the undersigned. This is the incorrect forum for such relief and as such, the Court finds that the proposed amendment is futile.

### B.   Claims Against Judge Wilkinson

Gonzalez also seemingly seeks to assert a claim against Judge Wilkinson, presumably because Judge Wilkinson dismissed Gonzalez's previously filed Complaint relating to the alleged July 18 and 19, 2006, use of excessive force. Gonzalez complains that Judge Wilkinson denied his request to have counsel appointed on three separate accessions. (R. Doc. 78, p. 4.)

Because there is no federal statute of limitations for § 1983 claims, the district court looks to the forum state's statute of limitations for personal injury claims. *Board of Regents of Univ. of New York v. Tomanio*, 446 U.S. 478, 483 (1980) (citing 42 U.S.C. § 1988); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)). In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.[2] *See Jacobsen*, 133 F.3d at 319 (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)).

For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Id*., at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). In this case, Gonzalez's cause of action against Judge Wilkinson arises out of the Judge's dismissal of the plaintiff's previously filed lawsuit. On February 13, 2008, Judge Wilkinson granted the Defendants' Motion for Judgment on the

---

[2]Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

Pleadings and entered judgment in favor of the defendants, and against the plaintiffs. *See Angelo Gonzalez v. Blandon Smith, et al.*, Civ. Action No. 06-11215 (E.D. La. 2006)(R. Doc.s 76, 77.)

The record in this case reflects that Gonzalez's complaint was filed by the Clerk of Court on December 23, 2009, when pauper status was granted. (*See* R. Doc. 1.) The Fifth Circuit, however, has recognized that a "mailbox rule" applies to pleadings submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, Francis dated his signature on the petition on December 1, 2009. This is presumed to be the earliest date on which he could have delivered the set of documents to prison officials for mailing to a federal court.

As noted above, Gonzalez's claims brought in this § 1983 action accrued on February 13, 2008  Therefore, Francis had one-year from that date, or until February 13, 2009, to file his suit in accordance with La. Civ. Code art. 3492 as applicable to § 1983 *et seq*. Gonzalez failed to do so. Therefore, Gonzalez's request to amend the Complaint, insofar as he seeks to assert a claim against Judge Wilkinson, should be denied because the amendment is futile.

    **C.**    **Habeas Relief**

Gonzalez also seemingly challenges his confinement. Gonzalez claims that he was "picked up" in December 2009, although he does not delineate on what charge. He complains that he did not receive a Bill of Information until March 10, 2010, in contravention of the Speedy Trial Act. As a result, he filed a motion to quash his indictment. Gonzalez contends that his underlying

conviction in the Washington Parish 22nd Judicial District Court, Division "E" is therefore invalid.[3]

Although Gonzalez's complaint is styled as a civil rights action under § 1983, he seemingly challenges the validity of his conviction. This is not the proper action in which to assert a habeas corpus type claim.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than § 1983 civil rights relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997) *reh'g en banc granted and opin. vacated*, 133 F.3d 941 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998)(*en banc*); *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Gonzalez filed his initial complaint on a form reserved for § 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his confinement. *Clarke*, 121 F.3d at 226; *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986.).

However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)(citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20); *Hartman*, 878 F.Supp. at 1337-38.

---

[3]Gonzalez does not indicate what he was convicted for, nor does he provide a case name or number for the Court.

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement" *Id.* "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.* (citing *Nobles*, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984)(*en banc*).

In the present case, Gonzalez does not allege, and there is no proof, that he has exhausted his state court remedies as to any possible habeas corpus challenge. As such, his motion to amend the Complaint, insofar as he seeks to add a claim for habeas corpus relief, should be denied. If Gonzalez seeks to pursue a habeas corpus claim, he should pursue state court appellate and post conviction remedies. Gonzalez should pursue any such relief in a properly filed state criminal motion, state writ application, or federal habeas corpus proceeding, if appropriate.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Amend (R. Doc. 78)** is hereby **DENIED**.

New Orleans, Louisiana, this 27th day of July, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**