UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELO A. GONZALEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7707** |
| **LT. RONNIE SEAL, ET. AL** | **SECTION "J" (4)** |

### ORDER AND REPORT AND RECOMMENDATION

Before the Court is a **Motion for Summary Judgment (Rec. Doc. No. 80),** which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Gonzalez opposes the motion. (R. Docs. 85, 87.) In addition, the plaintiff filed a **Motion to Amend (R. Doc. 88)** which was docketed as a motion to amend the complaint. However, upon further review of the substance of the motion, the Court finds that the Plaintiff intended to amend his oppositions to the motion for summary judgment and not the complaint. Therefore, insofar as the plaintiff intended to amend or supplement his oppositions to the subject motion, the motion is hereby **GRANTED**.

I.      **Factual Background**

Angelo D. Gonzalez is an inmate housed at the David Wade Correctional Center in Homer, Louisiana. At the time of his Complaint, he was housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. He filed his complaint pursuant to 42 U.S.C. § 1983.

Gonzalez claims that beginning on July 18, 2006, he was subjected to harassment, abuse, and violence. He contends that he filed a lawsuit based on these actions which was denied in 2009. Subsequently, excessive force was used against him on November 11, 2009, purportedly in retaliation for having filed the previously dismissed lawsuit. Specifically, Gonzalez contends that Lieutenant Seal struck him in the head, knocked him out, and kicked his body. This resulted in injuries to his leg, knee, and rib cage and otherwise caused him to suffer blood loss. He seeks to file this lawsuit against the Defendants in their personal capacities.[1]

In addition to his physical injuries, he contends that he has suffered emotional distress and humiliation. He seeks compensatory and punitive damages against the Defendants. He also seeks his medical records.

As to the instant motion, the Defendants seek to have the plaintiff's claim dismissed. The Defendants contend that Gonzalez failed to exhaust his administrative remedies prior to filing the instant lawsuit. As such, they contend that his Complaint must be dismissed as a matter of law. Gonzalez opposes the motion.

---

[1] Gonzalez names various individuals as Defendants in his Complaint including Lieutenant Ronnie Seal, Lieutenant B.V. Smith, Csm. Doug Brooks (incorrectly named as CSM Brook), CSM Tynes A. Jonathan (incorrectly identified as Jonathan A. Tyres), Warden Robert C. Tanner, Lieutenant D. Peter, CSM Larry Weary, EMT Bruce Forbes, Assistant Warden Jerry P. Miller, Mike Harrell, James M. LeBlanc, Chief Jeffrey Travis, Keith Bickham, Ronald Branch, Blandon Vernon Smith, and Darrell Peters.

**II.     Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Fields v. City of Southern Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id.* at 248.

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp.*, 477 U.S. at 324. If the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

### III.   Analysis

The Defendants contend that on November 30, 2009, Gonzalez's grievance, ARP # RC-2009-628 in which he complains about the alleged November 11, 2009, allegations which underlie this matter.  The Defendants contend that the Plaintiff submitted this lawsuit for filing two (2) days later, on December 2, 2009.  The Defendants contend that "[t]his proves unequivocally that the plaintiff had no intention of exhausting administrative remedies before filing the instant suit." (R. Doc. 80, p 2.)  The Defendants further contend that the First Step Response was issued on January 12, 2010, which "proves that no genuine issue of material fact exists regarding whether the plaintiff failed to exhaust both steps of the two-step procedure prior to filing suit."  *Id.*  The Defendants contend that the plaintiff was required to exhaust his administrative remedies *prior* to filing the subject lawsuit and his failure to do so requires dismissal.

In response, Gonzalez contends that the ARP process is a "joke." (R. Doc. 85, p. 2.)  He further contends that he did "use[] the prison grievance system before he filed [his] lawsuit" although he concedes that he did not wait for a response prior to filing this matter. (R. Doc. 85, p. 3.) He contends that he did not know that he had to wait to hear a response prior to filing the lawsuit and he has appealed the grievance process. *Id.*

He also contends that special circumstances exist to excuse his failure.  Specifically, he contends that the prison officials erroneously investigated the circumstances of his occurrence.

4

Because he was frustrated with his administrative remedies he did not exhaust his remedies prior to filing suit.  (R. Doc. 87, p. 3.)

Finally, he contends that on February 22, 2011, he attempted to cure his defect of not exhausting his administrative remedies because he filed another ARP, RCC-2011-65, relating to the November 2009 incident.  However, the first level step response was denied by prison officials who indicated that the November 2009 incident had been previously considered and denied at both the first and second step levels.  There is no record of Gonzalez proceeding to the second level of the 2011 ARP grievance.

A prisoner must exhaust all available administrative remedies before bringing an action in federal court regarding prison conditions.   The Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*See* 42 U.S.C. § 1997e.

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The United States Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001).

In Rayburn, a correctional facility under the authority of the Louisiana Department of Public Safety and Corrections, a two-step administrative remedy procedure is in place.  At the first step,

an inmate submits his grievance to the Warden within ninety days of the incident giving rise to the complaint. The Warden generally has forty days in which to respond. If the Warden fails to respond, or if the inmate is dissatisfied with the warden's response, the inmate may proceed to the second step by requesting review of the matter by the Secretary of the Louisiana Department of Public Safety and Corrections. The Secretary generally has forty-five days in which to respond. La. Admin. Code tit. 22, pt. I, § 325. Only after both steps are completed may the inmate file suit in district court. *Walker v. Seal*, Slip Copy, 2007 WL 1169364 ( E.D. La. 04/19/07)(Knowles, M.J.)

The incident forming the basis of this lawsuit allegedly occurred on November 11, 2009. (R. Doc. 1, p. 7.) The record shows that Gonzalez submitted Administrative Remedy Procedure Number RCC-2009-628 regarding the incident which was received on November 30, 2009.[2] Thereafter on December 2, 2009, he filed the subject lawsuit.[3] The First Step Response was issued January 12, 2010.[4] Clearly, by the time Gonzalez filed the subject lawsuit he did not exhaust the available administrative remedies.

However, this Court has the authority to proceed on unexhausted claims because the exhaustion requirement is nonjurisdictional. *See Johnson v. Johnson*, 385 F.3d 503, 522 n. 14 (5th Cir. 2004.) "[E]xhaustion requirements may be excused where dismissal would be inefficient and would not further the interest of justice or the purposes of the exhaustion requirement." *Johnson*

---

[2]Affidavit of Anna C. Morgan, ARP Screening Officer of the Rayburn Correctional center (RCC) in Angie Louisiana. (R. Doc. 80-3)

[3]In the *pro se* prisoner context, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *see also Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (pro se prisoner's objection to a report and recommendation deemed filed when given to prison officials for mailing). In this case, the earliest date on which prison officials could have received the complaint from Gonzalez for mailing was December 2, 2009, the date he signed the attestation.

*v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008).  Moreover, the United States Fifth Circuit Court of Appeals has recently frowned on the practice of dismissing a complaint based solely on the fact that administrative remedies were ongoing at the time the federal complaint was filed if those remedies were in fact completed after filing.  *Collins v. Stalder,* 335 Fed. Appx. 450, 453-54, n. 11 (5th Cir. 2009)("To dismiss solely on the ground that [the plaintiff's] premature filing was fatal to his claim–*even after* he had satisfied the § 1997e exhaustion requirement–would not only facilitate and encourage gamesmanship by defendants, who would wait until an inmates' statute of limitations has run before moving for dismissal, but would also contravene our practice of dismissing premature filings without prejudice to permit a plaintiff to exhaust.")(Emphasis is original)(citations omitted).

The Defendants do not address whether the plaintiff ultimately exhausted his administrative remedies.  Instead, they argue only that because the second step had not been pursued by Gonzalez prior to filing the above captioned matter, his complaint should be dismissed.  Their motion, memorandum in support, and supporting affidavits do not indicate either way whether or not Gonzalez continued the exhaustion process after he filed the subject lawsuit.  Under *Collins*, a plaintiff may proceed with their case even if they had not exhausted their remedies prior to filing suit so long as the exhaustion procedure was in motion and was ultimately completed.

In his Motion to Amend (R. Doc. 88), which this Court construes as a motion to amend his opposition to the subject motion for summary judgment, Gonzalez provided the Court with his 2011 ARP denial which specifically states that, "[y]our claim of staff abuse was formally addressed in ARP # RCC-2009-628 *which was denied at the First and Second Step Levels*."  (R. Doc. 88-1, p. 2)(emphasis added).  Thus, the Plaintiff has provided sufficient evidence to the Court to demonstrate that he did in fact ultimately exhaust his administrative remedies.  Because Gonzalez began the

7

administrative grievance process prior to filing his Complaint, and he ultimately completed the grievance process, under *Collins*, Gonzalez is entitled to proceed with his Complaint. As a result, the Court recommends that the Defendant's Motion for Summary Judgment be denied.

### IV.  Order and Recommendation

**IT IS ORDERED** that the Plaintiff's **Motion to Amend (R. Doc. 88)**, insofar as it intends to amend or supplement the Plaintiff's oppositions to the subject motion (R. Docs. 85, 87) is hereby **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Defendant's **Motion for Summary Judgment (R. Doc. 80)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 5th day of August, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.