UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELO GONZALEZ                                  CIVIL ACTION

VERSUS                                           NO: 09-7707

RONNIE SEAL, ET AL.                              SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court is the Defendants' Motion for Summary Judgment (Rec. Doc. 80), the Report and Recommendation of the United States Magistrate Judge ("MJ") (Rec. Doc. 91), the Defendants' Objections (Rec. Doc. 92), and Plaintiff's Response (Rec. Doc. 93). In the Report and Recommendation, the MJ recommended the denial of Defendants' Motion for Summary Judgment (Rec. Doc. 80), which argued that due to Plaintiff's failure to exhaust available administrative remedies within the state prison system, his Title 42 U.S.C. § 1983 claims should be dismissed. The MJ found that under Fifth Circuit case law, the motion should be denied because despite Plaintiff's failure to exhaust administrative remedies prior to filing suit in this Court, there is evidence that Plaintiff has since exhausted such remedies.

1

For the reasons that follow, the Court finds that Defendants' Motion for Summary Judgment (Rec. Doc. 80) should be DENIED.

**PROCEDURAL HISTORY, BACKGROUND FACTS, AND PARTIES' ARGUMENTS**

Plaintiff Angelo A. Gonzalez is an inmate at the David Wade Correctional Center in Homer, Louisiana.[1] He seeks punitive and compensatory damages against the Defendants based on alleged excessive force used against him on November 11, 2009. Defendants contend that Plaintiff submitted the instant lawsuit for filing on December 2, 2009, two days after filing grievance ARP # RC-2009-628 with the prison system.[2] At the time of filing the lawsuit, Plaintiff was housed at the B.B. "Sixty" Rayburn Correctional Center ("Rayburn"). At Rayburn, there is a two-step remedy procedure in place. In the first step, the inmate submits his grievance to the warden within 90 days of the alleged incident; the warden generally has 40 days in which to respond. If the warden fails to respond, or the inmate is dissatisfied with the response given, the inmate may proceed to the second step. The second step is a request for review by the Secretary of the Louisiana Department of Public Safety and Corrections; the Secretary generally has 45 days to respond. Only after the

---

[1] Rec. Doc. 91. The Court here gives only a brief summary of the factual background set forth in the Report and Recommendation. See id.

[2] "ARP" is shorthand for "Administrative Remedy Procedure."

completion of both steps may the inmate file suit in federal court.

Plaintiff filed the instant lawsuit on December 2, 2009. The first step response was issued on January 12, 2010. Therefore, the MJ found, Plaintiff had not exhausted the available administrative remedies at the time he filed this lawsuit. However, the MJ recommends that Defendants' motion for summary judgment be denied, and that Plaintiff's claims be allowed to proceed. The MJ cites to Johnson v. Johnson, 385 F.3d 503, 522 n.14 (5th Cir. 2004) for the proposition that the Court may proceed on unexhausted claims because the exhaustion requirement is nonjurisdictional. She also cites Johnson v. Ford, 261 Fed. App'x 752, 755 (5th Cir. 2008) for the proposition that in this case the exhaustion requirement may be excused because dismissal would be inefficient and would not further the interest of justice or the purposes of the exhaustion requirement. The MJ further cites Collins v. Stalder, 335 Fed. App'x 450, 453-54 n. 11 (5th Cir. 2009) for the proposition that because Plaintiff initiated the administrative review process before filing suit and has since completed the review process, Plaintiff may press his claims forward. The MJ based her finding that Plaintiff has finished both the first and second steps of

the review procedure on a copy of Plaintiff's 2011 ARP denial, which specifically states that "[y]our claim of staff abuse was formally addressed in ARP # RCC-2009-628 which was denied at the First and Second Step Levels." Rec. Doc. 91, at 7 (citing to Rec. Doc. 88-1, at 2).[3]

Defendants object to the Report and Recommendation on the grounds that the MJ erred as a matter of law in citing to cases that are not binding and basing her decision on invalid jurisprudential interpretation. As to Johnson v. Johnson, Defendants state that the MJ relied on Footnote 14, which merely states that the exhaustion requirement is not jurisdictional. Johnson, 385 F.3d at 522 n.14. However, in context, that footnote only supported the Johnson court's decision to proceed beyond the failure-to-exhaust issue to dismiss the case on qualified immunity grounds. Id. at 522. However, nothing in that case suggests that the district court has the authority to entertain a § 1983 prisoner claim that was not properly brought through the prison review system.

Next, as to Johnson v. Ford, 261 Fed. App'x 752 (5th Cir. 2008), that case is not binding precedent, per Fifth Circuit

---

[3] Defendants allege that this same grievance, ARP # RCC-2009-628, is the grievance that Plaintiff failed to bring to completion before filing the instant lawsuit. Rec. Doc. 80, at 2.

local rule.  See id. at 753 n.1 (stating that the case is generally not precedent).  Additionally, the MJ relied on the following statement in Ford:  "[E]xhaustion requirements may be excused where dismissal would be inefficient and would not further the interests of justice or the purposes of the exhaustion requirement."  Id. at 755.  However, the Report does not explain how application of this standard would lead to a decision not to dismiss the case.  Namely, Plaintiff's extremely premature lawsuit, filed only two days after Plaintiff commenced the ARP process, should be dismissed, given the purpose of the Prison Litigation Reform Act ("PLRA").  Finally, as to Collins v. Stalder, 335 Fed. App'x 450, 453-54 n.11 (5th Cir. 2009), which is also unpublished and non-binding, the basis of the court's decision was that the plaintiff had not been served with the magistrate judge's report and recommendation.  Although the footnoted language in the case suggests that if the exhaustion requirement has been fulfilled by the time a motion to dismiss for failure to exhaust is filed, that case is distinguishable and the cited language is dicta.

In responding to Defendants' Objections, Plaintiff largely restates the facts of the case.  Additionally, he suggests that his poor knowledge of civil procedure may be to blame for his

initial failure to exhaust available remedies, but that this failure has been cured by his current satisfaction of the exhaustion requirement. Rec. Doc. 93, at 3. He alleges that his impatience in filing suit resulted from continuous mental and physical abuse and retaliation against him from prison officials. Rec. Doc. 93, at 6-7. He states that the review process is a "big *JOKE*" and that it always leads to the denial of prisoner claims. Id. at 8.

## DISCUSSION

This Court reviews *de novo* those portions of the Report and Recommendation objected to by Defendants. See 28 U.S.C. § 636(b)(1). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co.

v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.  Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party."  Delta, 530 F.3d 399.

    The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The plain meaning of the statute demonstrates that Plaintiff's lawsuit was improperly filed, because Plaintiff initiated the action before he exhausted available administrative remedies.  Indeed, he filed his lawsuit only two days after commencing the administrative review process at Rayburn, which clearly frustrates the purpose of the PLRA in initially channeling such claims through the state prison review system.  Moreover, it is beyond dispute that the exhaustion requirement is mandatory.  See Porter v. Nussle, 534 U.S. 516,

524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All 'available' remedies must now be exhausted . . . .") (internal citation omitted); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (finding that where plaintiff prisoner filed a step one grievance but did not pursue the remedy to conclusion, he was prevented from pursuing a federal lawsuit); Wendell v. Asher, 162 F.3d 887, 891-92 (5th Cir. 1998), *overruled by implication on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (upholding district court's dismissal without prejudice for plaintiff's failure to exhaust, where the plaintiff had exhausted certain claims several days *after* filing the federal action); Williams v. Henagan, 595 F.3d 610, 619 (5th Cir. 2010) ("[T]his court holds, following the Supreme Court, that whatever remedies are 'available' must be exhausted before a prisoner's suit may be filed in federal court.") (citation omitted).

   The Court agrees with Defendants that the MJ's Report and Recommendation insufficiently addressed whether Plaintiff's failure to exhaust prior to filing suit should be excused. The rationale for the MJ's reliance on Ford, 261 Fed. App'x 752, to excuse Plaintiff's failure to exhaust, was ambiguous.

Additionally, the cases cited by the MJ do not support the conclusion in the Report and Recommendation.  Namely, the statement in <u>Johnson</u>, 385 F.3d at 522 n.14, that the exhaustion requirement is nonjurisdictional, does not necessarily mean that district courts may allow unexhausted claims to proceed.  The decision in <u>Collins</u>, 335 Fed. App'x at 453-54 n.11, is also distinguishable from the present case, for the reasons stated by Defendants.  The <u>Collins</u> footnote only stated that *if the plaintiff had received notice of the MJ's recommendation*, he might have made the argument that his prematurity in filing should be excused.  However, for the reasons that follow, the Court agrees with the MJ that the motion for summary judgment should be denied.

In this case, Defendants' motion for summary judgment focuses on the filing date of the lawsuit.  However, as the MJ pointed out, the Plaintiff responded with evidence that both the first and second stages of the administrative review process have been completed.  Thus, Plaintiff has exhausted available administrative remedies.  Under Fifth Circuit precedent, in rare instances, the court may excuse the exhaustion requirement "where dismissal would be inefficient and would not further the


interests of justice or the Congressional purposes behind the PLRA." Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), *overruled by implication on other grounds by* Jones, 549 U.S. 199. In Underwood, the plaintiff exhausted available remedies after filing his § 1983 lawsuit. Id. Dismissing the suit and requiring him to refile would have been inefficient, but dismissal would also "serve as a deterrent to premature filing by Underwood and other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation." Id. Thus, under the circumstances of the case, the appellate court upheld the district court's dismissal of the plaintiff's § 1983 claim. Id.

Because the Fifth Circuit in Underwood upheld the district court's dismissal for failure to exhaust, the court did not then fully address the apparent exception it recognized for situations where dismissal (1) would be inefficient and (2) would not further (a) the interests of justice, or (b) the Congressional purposes behind the PLRA. Id. The Plaintiff has completed both steps of the administrative review process. Dismissing the

instant case without prejudice[4] would likely lead to the prisoner turning around and refiling, which would be inefficient. Defendants make a good argument that dismissal would further the Congressional purposes of the exhaustion requirement.  Namely, if the Court were to dismiss Mr. Gonzalez's case, Mr. Gonzalez and similarly situated prisoners would be discouraged from thwarting the requirements of the PLRA via premature filing in federal court.  However, the Court finds that dismissal would not further the interests of justice.

   The Court acknowledges that the PLRA, generally speaking, is designed to prevent a person in Mr. Gonzalez's situation from doing what he did—bypassing what he saw as an inadequate review process to go directly to federal court.  Even where, as Plaintiff alleges, there is alleged retaliation and use of force by certain individuals in the prison system, the state has a strong interest in initially reviewing prisoner complaints before the court system becomes involved.  See Woodford v. Ngo, 548 U.S. 81, 94 (2006) (discussing the states' interest in having "a fair

---

[4] Dismissal without prejudice for failure to exhaust administrative remedies has been held proper.  See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002).

opportunity to correct their own errors"). However, in this case, the Plaintiff initiated the review process prior to filing suit and has since completed the process. The state has completed its review process and denied the prisoner's complaints as meritless, and thus it no longer has an interest in delaying a lawsuit in federal court based on the set of facts that led to the prison's internal review process. See Rec. Doc. 88-1, at 2 (response from assistant warden, stating that as to ARP # RCC 2009-628, Plaintiff's claim of staff abuse was denied at the first and second levels of review, and that as to ARP # RCC 2011-65, "No relief is warranted for this complaint. Your request for remedy is denied."). Moreover, Plaintiff alleges continuous retaliation and mental abuse, Rec. Doc. 93, at 6, which allegedly the administrative review process has failed to address. It would not further the interests of justice for this Court to dismiss Plaintiff's complaint, under the circumstances of this case.

For the foregoing reasons, **IT IS ORDERED** that **Defendants' Objections (Rec. Doc. 92)** to the **Magistrate Judge's Report and Recommendation (Rec. Doc. 91)** be **OVERRULED**, and that **Defendants' Motion for Summary Judgment (Rec. Doc. 80)** be **DENIED**.

New Orleans, Louisiana this 7th day of September, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE