```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ANGELO GONZALEZ                              CIVIL ACTION

VERSUS                                       NO: 09-7707

RONNIE SEAL, ET AL.                          SECTION: J(4)
```

                          **ORDER AND REASONS**

Before the Court is Defendants' **Motion for Reconsideration (Rec. Doc. 95)**. Defendants seek reconsideration of this Court's decision denying Defendants' Motion for Summary Judgment (Rec. Doc. 80).

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within twenty-eight

days of the judgment, then it falls under Rule 59(e).  Id.; FED. R. CIV. P. 59(e).  However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b).  Id.; FED. R. CIV. P. 60(c).  In the present case, Defendants' Motion for Reconsideration (Rec. Doc. 95) was filed on September 15, 2011, which is within twenty-eight days from the Order and Reasons (Rec. Doc. 94, dated September 7, 2011) denying Defendants' Motion for Summary Judgment (Rec. Doc. 80).  As a result, Defendants' Motion for Reconsideration (Rec. Doc. 95) is treated as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts.  Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004).  A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence."  Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003).  Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible,

unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In this case, Defendants do not rely on an intervening change in controlling law since the Court's September 7, 2011 Order and Reasons (Rec. Doc. 94). Moreover, Defendants have not pointed to any newly discovered evidence previously unavailable. They argue that this Court's decision is based upon a manifest error of law. However, for the reasons that follow, the Court concludes that it did not manifestly err in applying the law to the facts of this case.

Defendants argue that the Court erred in relying on Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998), *overruled by implication on other grounds by* Jones v. Bock, 549 U.S. 199 (2007), in holding that dismissal of Plaintiff's lawsuit for failure to exhaust administrative remedies would not further the interest of justice. They allege that Underwood was overruled on this very issue by Woodford v. Ngo, 548 U.S. 81 (2006). They quote portions of Woodford to the effect that the administrative remedies exhaustion requirement is no longer left to the district courts' discretion, but is mandatory. They cite Woodford for the proposition that this Court does not have "the discretion to determine whether requiring exhaustion in a particular case is 'appropriate and in the interests of justice.'" Rec. Doc. 95-1, at 5 (quoting Woodford, 548 U.S. at 84-85). Therefore, they

4

argue, it was manifestly erroneous for the Court to fail to dismiss Plaintiff's suit based on his failure to exhaust prior to filing the instant lawsuit.

The Court agrees that Woodford is binding Supreme Court precedent. That case does hold that the applicable statute requires exhaustion. The statute leaves the district courts with no discretion regarding the requirement of exhaustion of remedies prior to a prisoner's filing suit in federal court. However, this Court did not violate Woodford's mandate. Indeed, the Court stated that "[t]he plain meaning of the statute demonstrates that Plaintiff's lawsuit was improperly filed" and that "it is beyond dispute that the exhaustion requirement is mandatory." Rec. Doc. 94, at 7. Therefore, the Court implicitly recognized that Plaintiff failed to follow what is a mandatory exhaustion requirement.

However, this does not address the Fifth Circuit's decision in Underwood that a prisoner's failure to follow the mandatory exhaustion requirement should not lead to a certain consequence—namely, dismissal—where that consequence would be inefficient and would not further the interests of justice. See Underwood, 151 F.3d at 296. Defendants have not pointed to any binding Fifth Circuit or Supreme Court case demonstrating a

5

contrary interpretation of the applicable statute.  The Court did not manifestly err as a matter of law in not dismissing Plaintiff's suit.  Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Reconsideration (Rec. Doc. 95)** is **DENIED**.

New Orleans, Louisiana, this 15th day of September, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE